IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE HANOVER INSURANCE GROUP, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No. 10-cv-611 |
| v. ) | |
| ) | Judge John Z. Lee |
| SINGLES ROOFING CO., INC., an Illinois ) | |
| Corporation, UNITED STATES OF AMERICA ) | |
| ROOFING CO., INC., an Illinois Corporation, ) | |
| and ROBERT DURCHSLAG, an Illinois ) | |
| citizen, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the Hanover Insurance Group ("Hanover"), brings this motion for summary judgment against Defendant Robert Durchslag[1] ("Durchslag") for breach of contract. Hanover issued payment and performance bonds on behalf of Durchslag's construction company, and Durchslag agreed to indemnify Hanover for any claims made against the bonds. Hanover alleges it spent over $4 million satisfying claims against the bonds, and Durchslag refused to indemnify it. For the reasons stated herein, the Court grants Hanover's motion.

## Local Rule 56.1

Motions for summary judgment in the Northern District of Illinois are governed by Local Rule 56.1. "The obligation set forth in Local Rule 56.1 'is not a mere formality.' Rather, '[i]t follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial.'" *Delapaz v.*

---

[1] Defendants Singles Roofing Co., Inc. ("Singles") and United States of America Roofing Co., Inc. ("USARC") are currently in ongoing bankruptcy proceedings, and thus Plaintiff is proceeding only against Defendant Durchslag and not against Singles and USARC. (Pl.'s Mem. Supp. Mot. Summ. J. 1 n.1.) None of the Defendants have objected.

*Richardson,* 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted) (quoting *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 924 (7th Cir. 1994)). The Seventh Circuit has "routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions." *Yancick v. Hanna Steel Corp.,* 653 F.3d 532, 537 (7th Cir. 2011) (quotation omitted).

Local Rule 56.1(b)(3)(B) requires the nonmovant to file a "concise response to the movant's statement that shall contain . . . a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *See* Local Rule 56.1(b)(3)(B). Local Rule 56.1(b)(3)(C) also "requires specifically that a litigant seeking to oppose a motion for summary judgment file a response that contains a separate 'statement . . . of any additional facts that require the denial of summary judgment.'" *Cichon v. Exelon Generation Co., L.L.C.,* 401 F.3d 803, 809 (7th Cir. 2005) (quoting Local Rule 56.1).

The failure of a nonmoving party to abide by the rule's requirements carries significant consequences. "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Rule 56.1(b)(3); *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."). "This rule may be the most important litigation rule outside statutes of limitation because the consequences of failing to satisfy its requirements are so dire." *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000).

The Court set a September 13, 2013, due date for Defendant's response to Plaintiff's motion for summary judgment. Despite Plaintiff's filing of a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," Defendant has not filed any response to Plaintiff's

motion for summary judgment.[2]  Because Defendant has failed to controvert the facts set forth by the Plaintiff, all material facts set forth in Plaintiff's Local Rule 56.1(a)(3) statement supported by the record are deemed admitted for the purposes of this motion.  *See* Local Rule 56.1(b)(3).

## Factual Background

Hanover is a company that issues surety bonds on behalf of construction contractors in order to secure the contractor's performance of a bonded contract or to secure the contractor's payment of vendors.  (Pl.'s LR 56.1(a)(3) ¶ 1.)  Hanover issued both performance bonds and payment bonds on behalf of Singles Roofing Company, Inc. ("Singles") in connection with Singles' performance of roofing construction services for several different projects throughout the United States.  (*Id*. ¶¶ 7-9.)

On behalf of Singles, Hanover extended credit and issued payment and performance surety bonds (the "Bonds") with potential liability to Hanover in the amount of $20.1 million.  (*Id*. ¶ 9.)  The bonds secured the obligations of Singles to perform the construction projects and to pay for the labor and materials required for completion of the projects.  (*Id*. ¶ 10.)

In exchange for Hanover issuing the Bonds on behalf of Singles, Durchslag signed an Agreement of Indemnity for Contractors ("Indemnity Agreement") on or about November 18, 2008.  (*Id*. ¶¶ 11-12.)  The Indemnity Agreement requires Durchslag to indemnify and hold Hanover harmless:

---

[2]  Because Durchslag is *pro se*, Local Rule 56.2 requires Plaintiff to "serve and file as a separate document, together with the papers in support of the motion, a 'Notice to Pro Se Litigant Opposing Motion for Summary Judgment[.]'"  On the same day Plaintiff moved for summary judgment, Plaintiff filed a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" together with the papers in support of the motion.  Durchslag is under indictment in a criminal case pending in this district entitled *United States v. Robert Durchslag*, 12 CR 637, and is currently incarcerated.  While Durchslag's attorneys have withdrawn, his attorneys continue to accept service of filings in this matter and forward such filings to Durchslag pursuant to Court order.  (Dkt. 146.)

from and against every claim, demand, liability, cost, charge, suit, judgment and expense which [Hanover] may pay or incur, including but not limited to, loss, interest, court costs and consultant and attorney fees:

> (a) by having executed or procured the execution of the bonds; or
> (b) in making an independent investigation of any claim, demand, or suit; or
> (c) in defending any suit, action, mediation, arbitration or any other proceeding to obtain release from liability . . . ; or
> (d) in enforcing any of the covenants, terms and conditions of this Agreement.

(*Id.* ¶ 13.)

After the Indemnity Agreement was executed and Hanover issued the Bonds, Hanover received over $5 million in performance and payment claims from vendors of Singles who alleged that they were not paid and property owners who alleged that Singles was in default of its work contracts. (*Id.* ¶¶ 14-16.) In response to the claims and lawsuits, Hanover hired construction consultants and legal counsel to investigate the claims, settle the claims, and enforce the terms of the Indemnity Agreement. (*Id.* ¶¶ 17-19.) Hanover also hired construction professionals to finish the incomplete projects. (*Id.* ¶ 17.)

To resolve the claims, Hanover paid $4,529,024.82. (*Id.* ¶ 23.) Hanover also incurred $959,587.17 in fees, expenses, and costs related to work performed by consultants and attorneys in investigating the claims, resolving the claims and lawsuits, completing incomplete projects, and enforcing the terms of the Indemnity Agreement against Durchslag. (*Id.* ¶ 24.) Hanover was able to recover $1,258,983.62 in contract funds and salvage, and Hanover's net recoverable loss under the Indemnity Agreement is $4,229,628.37. (*Id.* ¶¶ 25-26.) Despite Hanover's demands, however, Durchslag has failed to indemnify and hold Hanover harmless from the bond claims, lawsuits, damages, losses, costs, expenses, and fees in accordance with the terms of the Indemnity Agreement. (*Id.* ¶¶ 27-28.)

**Discussion**

Summary judgment is proper for cases in which "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has sufficiently demonstrated the absence of a genuine issue of material fact, the nonmovant must then set forth specific facts demonstrating that there are disputed material facts that must be decided at trial. *Id.* at 321-22.

Under Illinois law, "[a]n indemnity contract or contract provision is construed like any other contract." *Higgins v. Kleronomos*, 459 N.E.2d 1048, 1051 (Ill. App. Ct. 1984) (internal citation omitted). To prevail on a claim for breach of contract under Illinois law, the plaintiff must establish: (1) an offer and acceptance; (2) consideration; (3) the terms of the contract; (4) plaintiff's performance of all required contractual conditions; (5) defendant's breach of the terms of the contract; and (6) damages resulting from the breach. *Penzell v. Taylor*, 579 N.E.2d 956, 961 (Ill. App. Ct. 1991). The Court holds that Hanover is entitled to judgment on its breach of contract claim as a matter of law.

Hanover has provided the Indemnity Agreement signed by Durchslag. (Pl.'s LR 56.1(a)(3) ¶ 11.) The agreement between the parties signed and dated by Durchslag constitutes an offer and acceptance between the parties. (*Id.* ¶ 12.) In consideration for Hanover providing the Bonds for Singles' construction contracts, Durchslag agreed to indemnify Hanover for all claims, liability, and expenses Hanover incurred as a result of satisfying claims against the Bonds. (*Id.* ¶¶ 11-13.) The terms of the contract required: (1) Hanover to issue the Bonds on

5

Singles' behalf which secured Singles' obligations to perform the required work and pay for labor and materials required to complete the projects; (2) Hanover at its sole discretion to adjust, settle, or compromise any claim or suit arising out of the Bonds; and (3) Durchslag, as the indemnitor, to pay Hanover for any claim, demand, liability, cost, charge, suit, judgment, or expense asserted against or incurred by Hanover as soon as liability exists or is asserted against Hanover. (*Id*. ¶¶ 8, 10, 13.)

Hanover has provided uncontroverted evidence that it has performed all required contractual conditions including issuing the Bonds, expending resources to pay and settle the claims and lawsuits related to the Bonds, and making a demand on Durchslag for reimbursement. (*Id*. ¶¶ 8, 22-24, 27.) It is undisputed that Durchslag breached the contract by failing to indemnify Hanover as required by the Indemnification Agreement. (*Id*. ¶¶ 27-28.) As a result of Durchslag's breach, Hanover suffered $4,229,628.37 in damages.[3] (*Id*. ¶¶ 20-25.) Thus, the uncontroverted facts demonstrate that Hanover is entitled to judgment as a matter of law on its breach of contract claim against Durchslag.

## Conclusion

For the reasons stated herein, the Court grants Plaintiff's motion for summary judgment [161]. Judgment is entered against the Defendant Durchslag in the amount of $4,229,628.37.

---

[3] Hanover provides a sworn affidavit from its Bond Claim Counsel detailing its damages and the calculations used to arrive at the damages. (McDevitt Aff., Ex. 1 to Pl.'s LR 56.1(a)(3) Statement.) The Indemnification Agreement provides that Durchslag will indemnify Hanover "against every claim, demand, liability, cost, charge, suit, judgment and expense which [Hanover] may pay or incur, including but not limited to, loss, interest, court costs and consultant and attorney fees" related to the execution, enforcement, or defense of the Bonds or Indemnification Agreement. (Pl.'s LR 56.1(a)(3) Statement ¶ 13.) The affidavit incorporates claims and expenses allowed by the Indemnification Agreement.

**SO ORDERED**  ENTER:  3/14/14

*[signature]*

_____
**JOHN Z. LEE**
**United States District Judge**